IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF CSMC 2018-SP3 TRUST<br><br>Plaintiff,<br><br>v.<br><br>KEVIN FITZGERALD DOMINO, INDIVIDAULLY, AND AS GAURDIAN OF JAMES ANTHONY FITZGERALD DOMINO, CAUDIE DOMINO WEEKS, WARREN DOMINO ALEXANDER, AND SARAA SADELLIA PRITCHARD,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § §   Civil Action No. |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CSMC 2018-SP3 Trust ("Plaintiff or "Wilmington") files this its *Original Complaint* against Defendants Kevin Fitzgerald Domino, Individually and as Guardian of James Anthony Domino, Caudie Domino Weeks, Warren Domino Alexander, and Saraa Sadellia Pritchard ("Defendants"), and states as follows:

**I.   PARTIES**

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. Decedent James Elbert Domino was a borrower under the below-described loan agreement at issue in this action and was sole owner of the real property described below. Decedent James Elbert Domino died on or about December 26, 2007. Upon information and belief, no

probate is open for Decedent James Elbert Domino's estate in the county where the subject property is located or the county in which he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Decedent Christine Williams Domino (collectively with Decedent James Elbert Domino, "Decedents") was a borrower under the below-described loan agreement at issue in this action and had a life estate in one-third of the real property described below. Decedent Christine Williams Domino died on or about June 30, 2021. Upon information and belief, no probate is open for Decedent Christine Williams Domino's estate in the county where the subject property is located or the county in which she died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

4. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedents ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedents' estates, including an undivided interest in the subject real property, immediately upon Decedents' death. Each Heir is made a party in this proceeding.

5. Defendant James Anthony Domino is an heir and the son of Decedent James Elbert Domino and Decedent Christine Williams Domino.  Defendant James Anthony Domino is a citizen of the state of California, and he may be served with process through his Guardian, Kevin Fitzgerald Domino  at 1029 Barrows Drive, Suisan City, California 94585, or any other place where he may be found.  Summons is requested.

6. Defendant Kevin Fitzgerald Domino is an heir and the son of Decedent James Elbert Domino and Decedent Christine Williams Domino. Defendant Kevin Fitzgerald Domino is a citizen of the state of California, and he may be served with process at 1029 Barrows Drive,

Suisan City, California 94585, or any other place where he may be found.  Summons is requested.

7. Defendant Caudie Domino Weeks is an heir and the daughter of Decedent James Elbert Domino. Defendant Caudie Domino Weeks is a citizen of the state of Alabama, and she may be served with process at 416 River Street, Anniston, Alabama 36207, or any other place where she may be found.  Summons is requested.

8. Defendant Warren Domino Alexander is an heir and the son of Decedent James Elbert Domino. Defendant Warren Domino Alexander is a citizen of the state of California, and he may be served with process at 1 Tudor Court, San Rafael, California 94903, or any other place where he may be found.  Summons is requested.

9. Defendant Saraa Sadellia Pritchard is an heir and the granddaughter of Decedent James Elbert Domino. Defendant Saraa Sadellia Pritchard is a citizen of the state of California, and she may be served with process at 3867 Buell Street, Apt. 4, Oakland, California 94601, or any other place where she may be found.  Summons is requested.

## II.  PROPERTY

10. This proceeding concerns the real property and improvements commonly known as 10365 Sycamore Street, Overton, Texas 75684 (the "Property") and more particularly described as follows:

> LOT ALL OF THE FOLLOWING DESCRIBED REAL PROPERTY IN RUSK COUNTY, TEXAS, TO-WIT:
>
> THE NORTHERN ONE-HALF OF THAT PROPERTY CONVEYED BY ZACHARIAH WILSON AND WIFE ANNIE BELLE WILSON TO EMME (EMMIE) T. DOMINO BY WARRANTY DEED EXECUTED ON MAY 13, 1952 AND RECORDED IN THE DEED RECORDS OF RUSK COUNTY, TEXAS IN VOLUME 483 AT PAGES 594 AND 595, MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> BEING SITUATED IN THE SOUTH P. HOLLINGSWORTH SURVEY OF RUSK COUNTY, TEXAS, AND BEING PART OF THE 19.50 ACRES OF

LAND SET OUT TO ZACHARIAH WILSON IN A PARTITION DEED RECORDED IN VOLUME 437, PAGE 18-20 OF THE DEED RECORDS OF RUSK COUNTY, TEXAS DATED JULY 22, 1949.

BEGINNING AT THE NORTHEAST CORNER OF BOTH THE SAID 19.50 ACRE TRACT AND OF THE EMME T. DOMINO TRACT, A POINT MARKED BY A NAIL IN THE CENTERLINE OF THE OLD HENDERSON ROAD KNOWN AS SYCAMORE STREET;

THENCE SOUTH 34 DEGREES 57 MINUTES 45 SECONDS EAST 104.5 FEET TO A NAIL IN THE CENTERLINE OF THE OLD HENDERSON ROAD KNOWN AS SYCAMORE STREET;

THENCE SOUTH 82 DEGREES 39 MINUTES 16 SECONDS WEST 209.0 FEET TO THE PLACE OF BEGINNING AND CONTAINING 0.501 ACRE OF LAND, MORE OR LESS.

### III. DIVERSITY JURISDCITION AND VENUE

11. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332.

12. Plaintiff is a trustee of a mortgage-securitization trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Mfrs. & Traders Trust Co. v. HSBC Bank USA, Nat'l Ass'n,* 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). Wilmington is a national banking association which is chartered and has its main office in Wilmington, Delaware. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A*. 546 U.S. at 307; *see* 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Delaware for diversity purposes.

13. Defendants are individuals and citizens of the state of California and Alabama.

14. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

15. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

16. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. The Rusk County Appraisal District values the Property at $185,430.00. The value of the Property exceeds $75,000.00.

17. Therefore, Plaintiff meets the amount-in-controversy requirement.

18. Venue is proper in the Eastern District of Texas, Tyler Division, because this suit concerns title to real property located in Rusk County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV. FACTS

19. The foregoing paragraphs are incorporated by reference for all purposes.

20. On or about June 19, 1991, Decedent James Elbert Domino acquired title to the Property by virtue of a *Gift Deed* (the "Gift Deed"). The Gift Deed was recorded on June 13, 1991, in the Land Records of Rusk County, Texas, as Instrument No. 30108. A true and correct copy of the Gift Deed is attached hereto as **Exhibit A**.

21. A *Correction Deed* (the "Correction Deed") was recorded on July 23, 1991, in the Land Records of Rusk County, Texas, as Instrument No. 31183 to correct the legal description in the Gift Deed. A true and correct copy of the Correction Deed is attached hereto as **Exhibit B**.

22. On or about June 28, 2005, Decedent James Elbert Domino executed a *Texas Home Equity Real Estate Note* (the "Note") in the principal amount of $63,000.00, with an interest rate of 6.850% per annum and originally payable to Hibernia National Bank. A true and correct copy of the Note is attached hereto as **Exhibit C**.

23. Concurrently with the execution of the Note, Decedent James Elbert Domino and Decedent Christine Williams Domino ("Decedents" or "Borrowers" executed a *Texas Home Equity Deed of Trust* (the "Deed of Trust" and together with the Note, the "Loan Agreement"), as grantor, granting Hibernia National Bank, its successors and assigns, a security interest in the Property. The Deed of Trust was recorded on July 18,2005, in the Official Public Records of Rusk County, Texas, as Instrument No. 015121. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit D**.

24. Capital One, N.A., A National Association formerly known as Hibernia National Bank transferred and assigned the Loan Agreement to Mortgage Electronic Registration Systems, Inc., as Nominee for DLJ Mortgage Capital, Inc., Its Successors and Assigns. ("MERS") as

evidenced by the *Corporate Assignment of Deed of Trust* (the "Assignment") recorded on February 19, 2019, in the Official Public Records of Rusk County, Texas, as Instrument No. 00195962. A true and correct copy of the Assignment is attached hereto as **Exhibit E**.

25. Subsequently, MERS transferred and assigned the Loan Agreement to Plaintiff as evidenced by the *Corporate Assignment of Deed of Trust* (the "MERS Assignment") recorded on April 11, 2023, in the Official Public Records of Rusk County, Texas, as Instrument No. 00240627. A true and correct copy of the MERS Assignment is attached hereto as **Exhibit F**.

26. Plaintiff is the current holder of the blank endorsed Note and the beneficiary of the Deed of Trust. Plaintiff is also a mortgagee as that term is defined in § 51.001(4) of the Texas Property Code.

27. Decedent James Elbert Domino passed away. No probate has been opened for Decedent in the county in which the property is located or in which he died. Therefore, there is no personal representative of Decedent's respective estates to be made a party to this action. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan debt owed to Plaintiff.

28. Decedent Christine Williams Domino passed away. No probate has been opened for Decedent in the county in which the property is located or in which she died. Therefore, there is no personal representative of Decedent's respective estates to be made a party to this action. In accordance with Texas Estates Code §§ 201.002(a), 201.002(b)(3), when a person dies intestate with separate property real estate, and has children, "the surviving spouse is entitled to a life estate in one-third of the person's land, with the remainder descending to the person's child or children and the descendants of a child or children."

29. Under the terms of the Loan Agreement, the Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

30. The Loan further provides that should the Borrowers fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Deed of Trust, that the lender may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in the Loan.

31. The Loan Agreement is in default and due for the July 28, 2022 payment and subsequent monthly payments. A *Demand Letter – Notice of Default* (the "Notice of Default") was sent in accordance with the Loan Agreement and the Texas Property Code on September 14, 2022. A true and correct copy of the Notice of Default is attached hereto as **Exhibit G**.

32. The default was not cured. The maturity of the Loan Agreement was accelerated on December 14, 2022, when a *Notice of Acceleration of Loan Maturity* (the "Notice") was sent in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice is attached hereto as **Exhibit H.**

33. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### V. CAUSES OF ACTION

**A.     DECLARATORY JUDGMENT**

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff is a mortgagee

as that term is defined under Texas Property Code § 51.0001(4) and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

**B.  ENFORCEMENT OF STATUTORY PROBATE LIEN**

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

38. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heir's interest in the Property. Because of a material breach of the Loan, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C.  NON-JUDICIAL FORECLOSURE

39. The foregoing paragraphs are incorporated by reference for all purposes.

40. Because of a material breach of the Loan, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedent's debts.

### D.  PUBLIC AUCTION

41. The foregoing paragraphs are incorporated by reference for all purposes.

42. Because of the material breach of the Loan, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E.  JUDICIAL FORECLOSURE

43. The foregoing paragraphs are incorporated by reference for all purposes.

44. In the alternative, for failure to cure the default of the Loan, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

45. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Deed of Trust, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Bowie County, the county where the Property is located, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan debt.

## F.  TRESPASS TO TRY TITLE

46. The foregoing paragraphs are incorporated by reference for all purposes.

47. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title, and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

## G.  WRIT OF POSSESSION

48. The foregoing paragraphs are incorporated by reference for all purposes.

49. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

## H.  ATTORNEYS FEES

50. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §§ 37.009, 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## VI.  CONDITIONS PRECEDENT

51. The foregoing paragraphs are incorporated by reference for all purposes.

52. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

## VII.  PRAYER

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit, not as a personal judgment against the Defendants, by only as an additional debt secured by the Security Instrument; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Sarah Sibley Cox*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **SARAH SIBLEY COX**
    Texas Bar No. 24043439
    scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**